UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

MALIA NARIKAWA,

      Plaintiff,

v.                                                       **MEMORANDUM OF LAW & ORDER**
                                                     Civil File No. 05-2379 (MJD/AJB)

BCBSM, INC., a Minnesota
corporation d/b/a/ Blue Cross
Blue Shield of Minnesota,

      Defendant.
_____

Alf E. Sivertson, Sivertson & Barrette, Counsel for Plaintiff.

Aaron Mills Scott and Gary M. Hansen, Oppenheimer Wolff & Donnelly LLP, Counsel for Defendant.
_____

**I.   INTRODUCTION**

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Arthur J. Boylan dated December 1, 2006.  Plaintiff Malia Narikawa filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review of the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based on that review the Court declines to adopt the Report and Recommendation dated December 1,

2006.

## II.   DISCUSSION

The Court adopts the Report and Recommendation sections entitled "Background and Claims" and "Standard of Review," pages 1 through 6 of the Report and Recommendation.  The Court declines to adopt the remainder of the Report and Recommendation.

Narikawa has brought a claim for statutory damages under 29 U.S.C. § 1132(c), which states, in relevant part:

> (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Narikawa contacted BCBSM, Inc., ("BCBSM") at least three times by telephone and twice requested information regarding her coverage and BCBSM's failure to pay her claims.  The details of her conversations with BCBSM are not before the Court because this motion is before the Court on affidavits only; no deposition testimony has been submitted.  The Court cannot definitively determine exactly what information Narikawa requested from BCBSM.  Narikawa

admits that she made no written requests for information from BCBSM. Generally, in order to obtain relief under § 1132(c)(1), a plaintiff must have made a written request for information, because a plan administrator's duty to provide certain information to participants in generally found in 29 U.S.C. § 1024(b)(4) . Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 946-47 (8th Cir. 1999) ("Under 29 U.S.C. § 1024(b)(4), the plan administrator, upon written request, is required to furnish certain enumerated reports to plan participants.  Section 1132(c)(1)(B) penalizes the plan administrator for failure to supply requested information within thirty days of the request by making the administrator, 'in the court's discretion[,] personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal  . . . .'  29 U.S.C. § 1132(c)(1).").

However, there is an exception to the general requirement that § 1132(c) requests be in writing: If a plaintiff orally requests information that the administrator is already statutorily required to provide, and the administrator fails to provide the information, then the § 1132(c)(1) penalties still apply.  Crotty v. Cook, 121 F.3d 541, 548  (9th Cir. 1997) ("[I]f the participant requests something he was entitled to receive automatically, without any request, then the civil enforcement penalty provision applies without regard to whether the request was in writing.").

In this case, Narikawa has provided evidence that she requested

3

information regarding denial of her claim, which BCBSM was required to automatically provide under 29 U.S.C. § 1133.  "[T]he failure to provide a written explanation for the denial of benefits, as was required by § 1133 after [the plaintiff] orally requested that information, exposes [the plan and plan administrator] to the penalty provision of § 1132(c)."  Brooks v. Metrica, Inc., 1 F. Supp. 2d 559, 566 (E.D. Va. 1998).  See also Garred v. Gen Am. Life Ins. Co., 774 F. Supp. 1190, 1201 (W.D. Ark. 1991) (assessing penalties under § 1132(c), in part, based on plan administrator's failure to provide orally requested information on claim denial).

As multiple courts have noted, § 1132(c) applies to plan administrators, while § 1133 applies only to plans themselves.  Thus, a plan administrator cannot be held liable under § 1132(c) for failure to comply with a request for claim denial information that only plans are required to provide under § 1133.  See, e.g., Moran v. Aetna Life Ins. Co., 872 F.2d 296, 300  (9th Cir. 1989) (holding that insurance company that is not the plan administrator cannot be liable under section 1132(c)); Wilczynski v. Lumbermens Mut. Cas. Co., 93 F.3d 397, 406 (7th Cir. 1996) ("As applied to this case, therefore, the obligations of section 1133 are imposed only on benefit 'plans.'  Because section 1132(c) authorizes the imposition of sanctions only for the failures or refusals of the 'plan administrator,' and not those of the 'plan,' we hold that section 1132(c) cannot be used to impose

civil liability for the violation of section 1133 . . ."); <u>VanderKlok v. Provident Life & Acc. Ins. Co.</u>, 956 F.2d 610, 618 (6th Cir. 1992) ("Only a plan administrator can be held liable under section 1132(c), and defendant was not the plan administrator. Moreover, courts have held that a violation of section 1133 by the plan administrator does not impose liability on the plan administrator pursuant to section 1132(c), because duties of the 'plan' as stated in section 1133 are not duties of the 'plan administrator' as articulated in section 1132(c).") (citations omitted).

At this stage of the litigation, the plan document is not before the Court, so the Court cannot determine whether BCBSM is merely the plan administrator - and, therefore, not liable for violation of § 1133 - or whether BCBSM is both the plan and the plan administrator. Because a genuine issue of material fact remains regarding whether Narikawa's claim against BCBSM is viable, the Court denies BCBSM's motion to dismiss. See <u>Mathis v. Am. Group Life Ins. Co.</u>, 873 F. Supp. 1348, 1356-57 (E.D. Mo. 1994) (refusing to dismiss § 1132(c) count on the grounds that plan was the wrong defendant because it was not clear whether the plan was also the plan administrator or plan sponsor because "the record . . . [did] not contain the Plan document.").

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. The Court will not adopt the Magistrate Judge's Report and Recommendation dated December 1, 2006, [Docket No. 36].

2. Defendant BCBSM, Inc.'s Motion to Dismiss [Docket No. 24] is **DENIED**.


Dated:   January 28, 2007              <u>s / Michael J. Davis          </u>
                                       Judge Michael J. Davis
                                       United States District Court